IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-CV-188-WKW |
| | ) | (WO) |
| ONE 2002 CHEVROLET TAHOE, | ) | |
| VIN 1GNEC13Z62J110343, | ) | |
| WITH ALL APPURTENANCES | ) | |
| AND ATTACHMENTS THEREON, | ) | |
| | ) | |
| Defendant. | ) | |

DECREE OF FORFEITURE

On February 28, 2005, a Verified Complaint for Forfeiture In Rem against the Defendant 2002 Chevrolet Tahoe, VIN 1GNEC13Z62J110343, with all appurtenances and attachments thereon (hereinafter, "Defendant vehicle"), was filed on behalf of the United States of America.  The Complaint alleges that the Defendant vehicle was used or intended to be used to transport, facilitate the transportation, sale, receipt, possession or concealment of controlled substances and that the Defendant vehicle constitutes the proceeds of monies, negotiable instruments, securities or other things of value furnished or intended to be furnished in exchange for a controlled substances; and, therefore, it is subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(4) and 21, United States Code, Section 881(a)(6).

It appearing that process was fully issued in this action and returned according to law;

That pursuant to a Warrant and Summons for Arrest In Rem issued by this Court, the United States Marshals Service for the Middle District of Alabama arrested the Defendant vehicle on currency on March 24, 2005;

That notice of this action was published in the Montgomery Advertiser newspaper on April 7, 14 and 21, 2005;

That on March 18, 2005, Tarsus Lanier was personally served by the United States Marshals Service with a copy of the Verified Complaint for Forfeiture In Rem and the Warrant and Summons for Arrest In Rem;

That on March 21, 2005, Attorney Raymond Johnson, was personally served by the United States Marshals Service with a copy of the Verified Complaint for Forfeiture In Rem and Warrant and Summons for Arrest In Rem;

That on March 21, 2005, Lula Young was personally served by the United States Marshals Service with a copy of the Verified Complaint for Forfeiture In Rem and the Warrant and Summons for Arrest In Rem;

That on March 21, 2005, Jody Little - collections officer - accepted service on behalf of Bruce Maddox from the United States Marshals Service of a copy of the Verified Complaint for Forfeiture In Rem and the Warrant and Summons for Arrest In Rem;

That on March 21, 2005, Eagle Export Company, Inc. was personally served by the United States Marshals Service with a copy of the Verified Complaint for Forfeiture In Rem and the Warrant and Summons for Arrest In Rem;

That on March 21, 2005, the United States Marshals Service attempted service unsuccessfully on Reginald Britton.  That reasonable and extensive efforts were undertaken to locate and serve Reginald Britton in a manner consistent with the principles of service of process of an in rem action;

That on March 21, 2005, the United States Marshals Service attempted service unsuccessfully on Timmy Goodson. That reasonable and extensive efforts were undertaken to locate and serve Timmy Goodson in a manner consistent with the principles of service of process of an <u>in</u> <u>rem</u> action;

That on April 4, 2005, Lula Young filed a Verified Statement Identifying Interest and Answer as to the Defendant vehicle, within the time permitted by Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims;

That on February 10, 2006, default was entered against Eagle Export Company, Inc., Tarsus Lanier, Reginald Britton, Timmy Goodson for failure to file a verified claim and/or answer within the time permitted by Rule C of the Supplemental Rules for Certain Admiralty and Martime Claims;

That on April 28, 2006, the United States and Claimant Lula Young entered into a Stipulation for Compromise Settlement in which Claimant Lula Young consented to the entry of a Decree of Forfeiture forfeiting the Defendant vehicle. The United States agreed to return the wheel rims from the Defendant vehicle to the Claimant; and,

That no other claim or answer has been filed on behalf of any other party.

Now, therefore, on motion of the United States of America for a Decree of Forfeiture, and for good cause otherwise shown, it is hereby ORDERED, ADJUDGED, AND DECREED:

That the Defendant vehicle is forfeited to the United States and no right, title or interest in the Defendant vehicle shall exist in any other party and shall be disposed of according to law;

That the United States is to return the wheel rims from the Defendant vehicle to the Claimant; and,

Claimant will pay a reasonable fee to have the wheel rims removed from the Defendant vehicle and transport the wheel rims from the site designated by the United States Marshals Service no later than ten (10) days after notice of their availability.

DONE this the 3rd day of May, 2006.

                                        /s/   W.  Keith Watkins
                                 UNITED STATES DISTRICT JUDGE